IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kevin Jermaine Jackson, ) | Case No. 6:25-cv-07813-JDA |
| Plaintiff, ) | **OPINION AND ORDER** |
| v. ) | |
| Ernest Michael Patrick O'Brien, Sr., ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Complaint; a Report and Recommendation ("Report") of the Magistrate Judge; and Plaintiff's motions "for Title 42 USC Sec 14141 Violent Crime Control and Law Enforcement Act," to appoint counsel, and to suppress.  [Docs. 1; 9; 12; 13; 15.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On July 18, 2025, the Clerk docketed Plaintiff's Complaint in this action brought pursuant to 42 U.S.C. § 1983.  [Doc. 1.]  On July 21, 2025, the Magistrate Judge issued a Report recommending that the action be dismissed without issuance and service of process and without leave to amend.  [Doc. 9.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  [*Id.* at 14.]  The Clerk docketed objections from Plaintiff on August 1, 2025.  [Doc. 9.]  On August 1, 2025, the Clerk also docketed motions from Plaintiff to appoint counsel and "for Title 42 U.S.C. Sec. 14141 Violent Crime Control

and Law Enforcement Act."  [Docs. 12; 13.]  On August 28, 2025, the Clerk docketed a motion to suppress from Plaintiff.  [Doc. 15.]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Report explains several reasons why Plaintiff fails to adequately plead a claim and why, to the extent Plaintiff's claims are brought to challenge the charges pending against him or his present incarceration at the Greenville County Detention Center, his claims are barred by the *Younger* abstention doctrine.  [Doc. 9 at 6–12.]  In his objections, Plaintiff does not engage the Magistrate Judge's analysis.  [Doc. 11.]

Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and

2

incorporates it by reference. Accordingly, this action is DISMISSED without issuance and service of process, without leave to amend, and without prejudice, and Plaintiff's motions to appoint counsel and to suppress are FOUND AS MOOT. [Docs. 12; 15.] Plaintiff's "motion for Title 42 U.S.C. Sec. 14141 Violent Crime Control and Law Enforcement Act" [Doc. 13] is DENIED.[*]

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

November 25, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] This motion invokes the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"), which originally appeared as 42 U.S.C. § 14141 and has been recodified as 34 U.S.C. § 12601 et seq. The VCCLEA prohibits government employees responsible "for the administration of juvenile justice or the incarceration of juveniles" from depriving persons of rights, privileges, or immunities secured or protected under the Constitution. 34 U.S.C. § 12601. Actions that this statute authorizes must be brought by the United States Attorney General; individuals are not permitted to sue for a violation of this statute. *See Robinson v. City of Conway*, No. 4:24-5448-JD-KDW, 2025 WL 1852267, at *3 (D.S.C. Feb. 21, 2025), *Report and Recommendation adopted by* 2025 WL 1788659 (D.S.C. June 30, 2025).